IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:14cr220 |
| | ) | **Electronic Filing** |
| KENNETH ANDREW HARRISON | ) | |

## MEMORANDUM ORDER

AND NOW, this 3rd day of November, 2015, upon due consideration of defendant's petition to correct sentence and the government's opposition thereto, IT IS ORDERED that [23] the petition be, and the same hereby is, denied.

The court was well aware of its ability to impose a partially concurrent sentence as advocated by counsel in the petition and it actually considered and rejected such an alternative in arriving at the sentence it imposed. Of course, the court did not intend to impose a sentence of more than 18 months to be served consecutive to defendant's state sentence; and as was apparent on July 22, 2015, the court simply does not subscribe to the belief that the sentence it did impose will result in additional time on defendant's state sentence - let alone a sentence that will result in "an 11 year 6 month sentence for the violation of Supervised Release."[1] Consequently, the court fully considered its authority under the guidelines (as now advocated by defendant in the petition) and chose to impose the sentence as it has been entered.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Cindy K. Chung, AUSA
Ralph Karsh, Esquire

(*Via CM/ECF Electronic Filing*)

---

[1] Counsel's assertion that the Pennsylvania Parole Board will not parole defendant because he will have to serve a consecutive federal sentence is premised on a dogmatic view of the Parole Board's exercise of its discretion in each particular case and ignores the fact that this court did not impose a new term of supervision, which will enable defendant to commence with state parole immediately upon his release from federal incarceration.